UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER VINCENT D'AGOSTINO,

                      Plaintiff

-against-

TOWN OF POUND RIDGE, DAVID RYAN,

                      Defendants.

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

19-CV-03053 (CS)

    **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

    **WHEREAS**, the Court has directed as follows: [75] "Letter filed by Town of Pound Ridge Municipal Corp., David Ryan. ENDORSEMENT: Having considered the submissions of both sides, I direct that Plaintiff provide a release allowing the unsealing of the Town of Pound Ridge Police Department and Town of Pound Ridge Justice Court records to the extent they relate to Plaintiff's rifle. They shall otherwise remain sealed." (Signed by Judge Cathy Seibel on 3/25/2022),

    **WHEREAS**, in accord with the Court's directive the Plaintiff is providing a 160.55 notarized release & will also be producing confidential medical information in the form of a Psychiatric Evaluation, it is hereby

    **ORDERED** that the following restrictions and procedures shall apply to this information and the related documents exchanged by the parties in connection with the pre-trial phase of this action. Any person subject to this Order — will adhere to the following terms, upon pain of contempt:

    1.    Pro se Plaintiff has designated these documents and the related information as "Confidential Information", such designation is necessary to protect the interests of the Plaintiff with regard to this sensitive non-public information. "Confidential Information" shall also mean any other other documents and information that may in good faith, during the pendency of this litigation, be designated as Confidential Information by the parties or the Court. The information and documents designated as Confidential Information in this matter will be stamped "CONFIDENTIAL."

    2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

    3.    In the event this designation of confidentiality is challenged, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by

any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties will meet and confer if this production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made, subject to the Court's approval, for the purpose of preparing or presenting a party's claims for defenses in the action.

    b. Disclosure may also be made to an expert or consultant who has been retained or specifically employed by a party's attorneys in anticipation of litigation or preparation for trial of the action, to a witness at a deposition or trial, or to the Court.

    c. Defendants' attorneys may also disclose the Confidential Information to any applicable legislative bodies or insurer, solely in connection with the defense or settlement of this action.

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached, see "Non Disclosure Agreement".

6. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party

may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

12. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

13. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED

By: /s/ Peter D'Agostino

Peter Vincent D'Agostino
*Pro se Plaintiff*
54 Major Lockwood Spur
Pound Ridge, NY 10576
914-764-0213
Dated: 5/5/2022

PORTALE RANDAZZO, LLP
By: /s/ James A. Randazzo

James A. Randazzo
*Attorneys for Defendants*
245 Main Street, Suite 340
White Plains, NY 10601
(914) 395-2410
Dated: 5/5/2022

Dated: White Plains, New York
 May 11, 2022

SO ORDERED.

/s/ Cathy Seibel
CATHY SEIBEL, U.S.D.J.

19-CV-03053 (CS)

## Non Disclosure Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED:

_____

Signed in the presence of:

_____

(Attorney)